## Sterrett *against* Ramsay.

In the case of an award against two defendants and an appeal by one, it cannot be made an appeal for both defendants, by parol evidence that it was intended to have been an appeal for both, unless the imperfection can be charged to the fraud or default of the officer who took the appeal.

In the case of an appeal by one of two defendants against whom an award was made, a *fieri facias* shall not issue against the defendant who did not appeal, until the determination of the appeal by the other defendant.

ERROR to the common pleas of *Cumberland* county.

This was an action of debt by Thomas Craighead, administrator of John Sterrett deceased, against Sterrett Ramsay and William Ramsay. The cause was arbitrated, and an award made in favour

[Sterrett v. Ramsay.]

of the plaintiff for 818 dollars.    December 23d 1824, Sterrett
Ramsay, one of the defendants, appealed and entered into the recog-
nizance, with security, according to the act of assembly.    After
twenty days had elapsed, the plaintiff issued a *fieri facias* against
William Ramsay the other defendant.    A motion was then made to
set aside the *fieri facias*, on the ground of mistake in entering the
appeal, that it was intended to have been an appeal for both defend-
ants; and the deposition of general M'Coy was taken, who testified
that William Ramsay, who was about to leave home, called on him
to go with Sterrett Ramsay and enter bail for him, in an appeal to
be taken in the case for both defendants.    That he did go with
Sterrett Ramsay to the office, and did enter in a recognizance, which
he considered at the time such as was necessary for an appeal by
both defendants.    He did not recollect of any thing having been said
about its being an appeal for both defendants.    The clerk in the
office deposed, that he did not recollect of any thing having been said
about the intention to appeal for both defendants: that if he had
been directed to enter the appeal for both he would have done so.
The prothonotary deposed, that he had no recollection of any thing
that was said about the intention to appeal for both defendants: that
he drew the recognizance himself: that the costs were paid by order
of William Ramsay on James Bredin.    Sterrett Ramsay was sworn,
and testified that he went to the office with the intention to appeal
as well for himself as for William Ramsay, and believed at the time
that the appeal was so entered: that he recollects that he asked the
prothonotary, at the time, if the appeal, as entered, would do for
both defendants, and was answered it would.    That William Ram-
say was out of town but had provided for the payment of the costs
on the appeal.    Upon this evidence, the court below ordered that the
appeal might be perfected, by the defendants entering into a recog-
nizance with security, *nunc pro tunc*, which was done.    The cause
was afterwards tried against both defendants, and upon the plea of
set-off, the jury found for the defendants, and certified a balance due
to them by the plaintiff of 395 dollars.

The order of the court setting aside the *fieri facias* against William
Ramsay, and permitting the appeal to be amended as to him, was
assigned for error, and argued by

*Penrose* and *Alexander*, for plaintiff in error, who relied upon the
case of Hartman *v.* Stahl, 2 *Penns. Rep.* 223, to establish the princi-
ple that the record of an appeal could not be made up by parol evi-
dence.

*Watts*, for defendants in error, contended that the order of amend-
ment was peculiarly within the discretion of the court below, who
alone were competent to judge of the evidence in such cases; and
therefore not the subject of error.    Cited, Renninger *v.* Thompson,
6 *Serg. & Rawle* 1 ; Ordroneaux *v.* Prady, *Ibid.* 510; Clymer *v.*

Thomas, 7 *Serg. & Rawle* 178 ; Hacher *v.* Elliott, *Ibid.* 284.   But the court were right in permitting the amendment.   Means *v.* Trout, 16 *Serg. & Rawle* 349 ; Noble *v.* Houk, *Ibid.* 421 ; Gallagher *v.* Jackson, 1 *Serg. & Rawle* 492.

The opinion of the Court was delivered by

Rogers, J.—An amendment will not be permitted so as to make an appeal for all the defendants, on parol testimony that it was the intention to appeal for all.   Hartman *v.* Stahl, 2 *Penns. Rep.* 223. In the case at bar, Sterrett Ramsay supposed he was appealing as well for his co-defendant as himself.   This may be conceded, and it may also be granted that William Ramsay intended the appeal should be so entered.   It still amounts to an intention not carried into effect ; and nothing more ; and is not stronger in principle than Hartman *v.* Stahl.   There is nothing, except the parol testimony, which shows, either directly or by inference, that William Ramsay was dissatisfied with the award.   If fraud, or a clear mistake on the part of the prothonotary or his clerk had been proved, a different case would be presented.   Mr M'Coy, after testifying to the fact that William Ramsay requested him to become his security in an appeal which he intended to take, that he was going from home, and that Sterrett Ramsay would appeal for both, states that he does not recollect whether he read the recognizance or not, nor that any thing was said about the appeal being entered for both defendants. The clerk swears, that Sterrett Ramsay and Robert M'Coy came into the office, and that Ramsay told him he wanted to enter an appeal, but did not say he wanted to appeal for both defendants. He further says, that when a defendant wishes to enter an appeal for both defendants, it is the practice in the office so to enter it; and that if he had been directed to enter an appeal for both, he would have done so.   In this he is supported by the prothonotary, who also deposes, that he drew the recognizance and affidavit at the instance of Sterrett Ramsay.   That he would have drawn the recognizance and affidavit differently, had he been informed that both defendants intended to appeal.   The mistake then, if any, was the mistake of Sterrett Ramsay.   Nor is this contradicted by Sterrett Ramsay, who was examined as a witness.   He does not undertake to say, that he informed either the prothonotary or his clerk that he had authority and intended to appeal for both defendants.   All he recollects is, that he asked the clerk at the time, if the appeal as entered would do for both defendants, and was answered that it would.   When it is recollected that no person remembers this but Sterrett Ramsay, one of the defendants, and that the evidence of the other witnesses is irreconcilable with this state of facts ; the testimony is too loose and unsatisfactory to be the foundation of an amendment.   No case of the kind can be shown ; if amendments are permitted on such grounds, so as to meet the fancied justice of a particular case, a laxity of practice would be the consequence, very

[Sterrett v. Ramsay.]

destructive to the rights and interest of suitors. The records will remain partly in parol, and partly in writing. It is impossible for the plaintiff to discover the secret intentions of the defendant. Resort must be had to the record, which shows an oath by one for *himself alone*, a recognizance by one, an appeal by one. Indeed, until this day, there is no oath that the appeal, so far as regards William Ramsay, was not entered for the purpose of delay. Sterrett Ramsay swears, that in appealing *he* did not intend to delay the plaintiff, but he does not say what may have been the intention of William Ramsay. La Fitte *v.* La Fitte, 2 *Serg. & Rawle* 107, only decides, that if one of several defendants make the affidavit required by the " act regulating arbitrations," for an appeal, and the recognizance be for all the defendants, the appeal will stand for all. One may make the affidavit, for he acts as the agent of his co-defendants ; but still the act requires an oath, not only in respect to his own intentions, but the intentions of the co-defendants. Such was the understanding of the court in Hartman *v.* Stahl, and no reason has been assigned for a change of opinion. But it is said, that the case at bar is not the subject of a writ of error. That it is an application to the sound discretion of the court of common pleas, with which the supreme court cannot interfere. We are of a different opinion. A variety of cases, such as this, have been reviewed. If the court had stricken off the appeal, it would be in the power of the court to reinstate it on good cause shown. This is not denied ; and even-handed justice requires a remedy when an appeal has been improperly sustained, subject to the restriction that a writ of error would not lie until final judgment. Without the parol testimony, the defendant in error has no case. It is plain, if we look to the record alone, no appeal was ever in fact entered for William Ramsay, whatever may have been the intention of the parties. The court' have a legal, not an arbitrary discretion, as has been repeatedly held. Clark *v.* Wallace is a case of this kind. A defendant, against whom an award of arbitration had been made, applied to the prothonotary on the twentieth day, after night and after the office was shut, to enter an appeal. The prothonotary refused to go to the office and take the appeal. At the next court, a motion was made for an order, that an appeal might be then entered *nunc pro tunc*, which the court refused. On a writ of error, the decision was held to be erroneous. In Clark *v.* Wallace, all the facts appeared by parol, and yet this circumstance was not supposed to vest such a discretion in the court of common pleas, as to prevent the supreme court from affording the party relief. It must be noted, that in the case cited it was the mistake of the officer. And when this is clearly proved, the court should be liberal in allowing amendment. But of this there should be something more certain than allegation or contradictory proof.

The plaintiffs issued a *fieri facias* to the August term 1825, against William Ramsay, pending the appeal entered by Sterrett Ramsay. This was clearly erroneous. Until the appeal is disposed of, no pro-

[Sterrett v. Ramsay.]

ceedings can be had against the co-defendant. In setting aside, therefore, the execution, the court were right; but we think they were in error in sustaining an appeal for William Ramsay.

Judgment reversed, and a *venire de novo*.