# Long *v.* Hamilton, Appellant.

*Justice of the peace—Appeals—Joint defendants.*

Where one of two defendants appeals from a judgment of a justice of the peace, and thereafter the plaintiff files a transcript of the justice's record in the court of common pleas so as to secure a lien against the nonappealing defendant, and subsequently the appeal is non-prossed, such non-pross does not inure to the benefit of the nonappealing defendant, so as to entitle him to have stricken off the judgment entered against him on the transcript; and this is the case although the plaintiff may have released certain of the real estate of the nonappealing defendant, at the latter's request, from the lien of the judgment.

Argued May 13, 1909. Appeal, No. 193, April T., 1909, by defendant, from order of C. P. Lawrence Co., Dec. T., 1907, No. 10, discharging rule to strike off judgment in case of Roy A. Long *v.* Edward M. Hamilton. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off judgment. Before WILLIAM E. PORTER, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule to strike off judgment.

*A. W. Gardner,* with him *Chas. E. Mehard,* for appellant.— It is not contended but what one or more of several joint defendants may appeal, and if it is done without the consent of any defendant who does not desire to prosecute the appeal, he can sever, but it is contended that when an appeal is taken by one of two joint defendants it inures to the benefit of both and takes up the whole case subject to the right of the one who does not appeal to sever and thus be relieved of prosecuting the appeal against his will: Gallagher v. Jackson, 1 S. & R. 492; Fotterall v. Floyd, 6 S. & R. 315; Dutton v. Lans-

downe Boro., 198 Pa. 563; Emerick v. Armstrong, 1 Ohio, 513; Ewers v. Rutledge, 4 Ohio St. 210; Wade v. Hook, 11 Pa. Superior Ct. 54; Deihm v. Snell, 119 Pa. 316.

*J. Clyde Gilfillan,* for appellee.—Under the authorities in this commonwealth there is no doubt of the right of one joint defendant to take out and prosecute an appeal singly and alone should the others fail or refuse to join with him, and by failing or refusing to join in said appeal the other defendants are concluded and bound by the original judgment: Gallagher v. Jackson, 1 S. & R. 492; Hartman v. Stahl, 2 P. & W. 223; Fotteral v. Floyd, 6 S. & R. 315; Donovan v. Driscoll, 12 W. N. C. 203; Anderson v. Levan, 1 W. & S. 334; LaFitte v. LaFitte et al., 2 S. & R. 107; Bonner v. Campbell, 48 Pa. 286; Jones v. Backus, 114 Pa. 120; Rice v. Foster, 2 W. & S. 58.

Opinion by Head, J., July 14, 1909:

Where the judgment of a magistrate has gone against two or more joint defendants, that each one of them is invested with the right to appeal no one will deny. In the exercise of this right the law does not require that each defendant should separately and individually assert it. One appeal in the name and for the benefit of all, subjecting each to the statutory obligation imposed on every appellant, is sufficient. But no man can be compelled by another, though he be a codefendant, to appeal from a judgment against his will. Nor conversely can any citizen be prevented, even by the hostile attitude of his codefendants, from exercising his right to appeal. A defendant, satisfied that justice has been done, even though the judgment be against him, is not required to camp on the steps of the magistrate's office to see that, when his codefendant comes to exercise his right of appeal, he himself is not dragged unwillingly into an appellate court and subjected to a liability for the costs of further litigation. Interest reipublicæ ut sit finis litium.

These principles, axiomatic though they seem, are supported not only by their own reasonableness but by incontrovertible authority. Their application to the case at bar necessarily

results in the conclusion that the learned court below was right in refusing to strike off the judgment.

In an action before a magistrate a judgment was obtained by the plaintiff against a partnership doing business under the name of Frank Torchia & Son and Edward Hamilton, the present appellant, as joint defendants. Nothing was at any time afterwards done by Hamilton to indicate his desire or intention to appeal from that judgment. Within the required time, however, a member of the firm, the other defendant, appeared before the magistrate, demanded a transcript for the purpose of appeal, made the oath that the appeal was not intended for delay, etc., and furnished security "for the payment of all costs accrued or that may be legally recovered against affiant." After the time allowed for taking an appeal had expired and nothing had been done by Hamilton, this appellant, the plaintiff, took a transcript of the judgment and filed it in the common pleas court for the purpose of making it a lien against the property of Hamilton who had not appealed.

Some months later Hamilton, apparently recognizing the validity of the judgment and the lien incident to it, applied to the plaintiff to secure a release of that lien from certain real estate which he desired to sell. This release the plaintiff executed. Satisfied that his debt was secured by his judgment against Hamilton, the plaintiff neglected to prosecute his claim as against the party who had appealed, and in due time a judgment of non pros. was entered against him because of his failure to file a declaration. The other defendant, Hamilton, then took the position that although he had not appealed, had made no affidavit, had given no security for costs, the appeal, taken by his codefendant, necessarily brought his case into court, and that the judgment of non pros. inured to his benefit. He therefore filed his petition praying the court to strike off the judgment entered against him on the transcript from the magistrate's record, and the refusal of the court to do so constitutes the sole assignment of error.

In Hartman v. Stahl, 2 P. & W. 223, an action of ejectment was brought against three defendants. The cause was arbitrated under the act of assembly and an award made in favor

of the plaintiff. Elizabeth Hartman, one of the defendants, only entered an appeal, took the oath required, and entered into the recognizance to prosecute the appeal with effect, etc. When the appeal came on for trial it was sought to have the jury sworn as to all three original defendants, and parol testimony was offered to show that the appeal, actually taken by one, was intended to be for the benefit of all. In disposing of that question the Supreme Court, ROGERS, J., said:

"If one of several defendants make the affidavit required by the act regulating arbitrations, and the recognizance be for all of the defendants, the appeal will stand for all. But if either of them come into court and desire to be severed, he may be severed, and the appeal will go on in the name of the others. Further than this we cannot go. Elizabeth Hartman took the oath, and entered into the recognizance with bail for herself alone; it, therefore, is but an appeal for one, and amounts to a severance, as much so as if her codefendants had come into court and disclaimed the appeal. It cannot be successfully contended that the bail would be liable beyond the recognizance, which stipulates for one of the defendants, without naming the others, or even referring to them; nor would it be in the power of the court to extend the liability of the recognizance beyond their agreement. The bail may be willing to be bound for Elizabeth Hartman, and very unwilling to answer for the act of others. It is alleged that the appeal is for the benefit of all, and that the consent of the other defendants will be presumed. If this were so, yet it will not dispense with the provisions of the act of assembly which prescribes that an oath shall be taken and a recognizance given for all. Here the oath was taken by one, and for one, and the recognizance binds her. only and her bail."

This language is so plain, so forceful, so clearly decisive of the question before us, that it leaves no room for further discussion. The case has been frequently cited, and never to our knowledge has the soundness of its reasoning been even criticised.

The assignments of error are overruled and the order or decree of the court below is affirmed.