## Rosenbaum Company v. Diskin et ux.

M. J. K. Davis, for plaintiff; Lewis C. Walkinshaw, for defendants.

WHITTEN, J., January 7, 1932.—This case is before the court upon an appeal from a judgment entered October 25, 1929, by Alderman Dan E. Dunmire in favor of the plaintiff and against Thomas J. Diskin and Anna Diskin. The transcript of the alderman's record contains the following: "And now, November 14, 1929, defendant, Thomas J. Diskin, appeals—pays costs."

The affidavit necessary for the appeal reads thus: "And now, November 14, 1929, comes Thomas J. Diskin, one of the defendants in this case, who, being duly qualified," etc.

There is nothing in the affidavit to indicate an intention to join Anna Diskin as an appellant.

The recognizance required for the appeal reads thus:

"I, C. M. Diskin, am held and firmly bound in the sum of one hundred dollars conditional for the payment of cost that has accrued or may be legally recovered against the appellant in this case. (Signed)    C. M. DISKIN."

The record discloses no attempt on the part of Anna Diskin or by any person in her behalf to appeal from the judgment entered against her by the said alderman.

In its statement of claim filed in this court at the above number and term, the plaintiff seeks to recover judgment only against the defendant, Thomas J. Dis-

kin. However, Thomas J. Diskin filed an affidavit of defense in his own behalf and also in behalf of Anna Diskin.

The issue now before the court is whether the said Anna Diskin is a party defendant in the case now before the court?

In Long v. Hamilton, 40 Pa. Superior Ct. 273, 276, the Superior Court held (quoting Hartman v. Stahl, 2 P. & W. 223):

"If one of several defendants make the affidavit required by the act regulating arbitrations, and the recognizance be for all of the defendants, the appeal will stand for all. But if either of them come into court and desire to be severed, he may be severed, and the appeal will go on in the name of the others. Further than this we cannot go. . . . It is alleged that the appeal is for the benefit of all, and that the consent of the other defendants will be presumed. If this were so, yet it will not dispense with the provisions of the act of assembly which prescribes that an oath shall be taken and a recognizance given for all. Here the oath was taken by one, and for one, and the recognizance binds her only and her bail." See, also, Carbon Dioxide and Magnesia Co. v. Freihofer et al., 19 Dist. R. 669, and Sterrett v. Ramsey, 2 Watts 91.

It follows that the affidavit of defense filed by Thomas J. Diskin must be stricken from the record in so far as Anna Diskin is concerned.

#### Decree

And now, January 7, 1932, after argument by counsel and upon due consideration, it is ordered, adjudged and decreed that the rule granted November 23, 1931, to show cause why the affidavit of defense filed by Thomas J. Diskin should not be stricken from the record, in so far as it avers a defense on the part of Anna Diskin, is hereby made absolute.

From William S. Rial, Greensburg, Pa.