## BRAKEBILL v. CHICAGO, R. I. & P. RY. CO.

### No. 2542. Opinion Filed April 4, 1913.

### (131 Pac. 540.)

1. **MASTER AND SERVANT—Employment Contract—Limitation of Liability—Validity** An agreement of a common day laborer, working in a railway's shops in this state, that if injured while in the employment of a railway company, and a claim for damages therefor is made, that notice in writing of such claim shall be given the company within 30 days after the injury is received, and that the failure to give such notice "shall be a bar to the institution of any suit on account of such injuries," is void, because in conflict with section 9 of article 23 of the state Constitution.

2. **SAME—Abrogation by Constitutional Provision.** And such agreement was stricken down with the adoption of the Constitution, although made prior thereto, where the agreement was for no definite period of service and could be terminated at the option

of either party, and the injury sued for did not occur until after the adoption of the Constitution.

(Syllabus by Brewer, C.)

*Error from   Superior Court, Pottawatomie County;*
*G. C. Abernathy, Judge.*

Action by J. R. Brakebill against the Chicago, Rock Island & Pacific Railway Company. From the overruling of a demurrer to defendant's answer, plaintiff brings error. Reversed and remanded, with directions.

*J. T. Williams,* for plaintiff in error.
*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *J. H. Woods,* for defendant in error.

Opinion by BREWER, C.  On September 16, 1907, the plaintiff in error, J. R. Brakebill, entered the employment of the defendant in error, Chicago, Rock Island & Pacific Railway Company, as a common day laborer in its shops located in the city of Shawnee. He received an injury while so employed in the month of February, 1908. He later filed his suit to recover damages for this injury, alleging that it was caused through the negligence of the railway company. One of the grounds of defense in the answer filed by the railway company alleges that the plaintiff, Brakebill, on or about the 16th day of September, 1907, made a written application to the railway company for employment, and that, among other things, the said application contained the following agreement:

"In further consideration of such employment, I agree for myself, my heirs, executors, administrators, legal representatives, and any other person or persons claiming through or under me, that if, while in the service of said company, I sustain any personal injury or injuries for which ·I shall or may make claim against the company for damages, I will, within thirty days after receiving such injury, give notice in writing of such claim to the superintendent of the division upon which I shall be at the time of such injury or injuries; and if such injury or injuries shall result in my death, for which claim shall or may be made for damages, that my heirs, executors, ad-

ministrators, legal representatives or other person or persons that may make such claim will give such notice in writing within thirty days after my death, any and all of which notices shall state the time, place, manner, causes, extent and nature of my injury or injuries, or of my death as the case may be, and the claim made therefor; and the failure to give notice of. any such claim in the manner and in the time aforesaid shall be a bar to the institution of any suit on account of said injury or injuries or death."

The answer then avers a failure upon the part of plaintiff to give notice in writing of his said injury, as required by said agreement, and within 30 days after receiving same.

The plaintiff, Brakebill, filed a demurrer to this paragraph of the answer, urging three reasons why the same did not constitute a defense, viz: (1) That such contract is against public policy.. (2) That such contract is rendered void by the Constitution of this state. (3) That it is void, because without consideration.

The demurrer was overruled by the court, and the plaintiff below brings this appeal.

Whether or not the agreement above recited constitutes a defense in this case is the only question presented. We· do not think it constitutes a defense, and therefore it was error to overrule the demurrer. Section 9 of article 23 of the Constitution provides:

"Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void."

Were it not for the fact that the application for employment containing the agreement relied upon was made prior to the adoption of the Constitution, it would hardly be contended but that the section quoted above would render such agreement null and void. *Gray v. Reliable Insurance Co.*, 26 Okla. 592, 110 Pac. 728; *W. U. Telegraph Co. v. Crawford*, 29 Okla. 143, 116 Pac. 925, 35 L. R. A. (N. S.) 930. But it is urged that because this contract was made prior to statehood that the

rights of the parties and the validity of the provision must be determined by the law in force at the time it was entered into. We do not think this contention sound. This contract for employment was for no definite time. Its termination at any time was at the option of either party. At the time of the adoption of the Constitution, November 16, 1907, contracts of this class were stricken down. At that date the man had not been injured; no rights of any kind, because of injury, had arisen, bringing into operation the clause in question. At that time the railway company, had it not cared to retain this employee under the changed condition of the law, could have relieved him from duty. Not having done so, but retaining him in its employment, the Construction protected him in his cause of action in February, when he was injured. Under the clause of the Constitution, this agreement was void, because it abridged the time within which he could, under the law, assert his rights, and required a notice, other than is provided by law, as a condition precedent to the maintaining of an action for the breach of a duty imposed by law.

The cause should be reversed and remanded, with direction that the court sustain the demurrer to this defense.

By the Court: It is so ordered.