CHICAGO, R. I. & P. RY. CO. *et al.* v. HARRINGTON *et al.*

No. 3123.   Opinion Filed September 22, 1914.

(143 Pac. 325.)

1. **ELECTION OF REMEDIES—Action on Contract—Action ex Delicto.** In respect to a neglected duty imposed by law, by reason of a relation of the parties created by contract, the injured person may elect to sue upon the contract, or treat the wrong as a tort and bring an action **ex delicto.**

2. **PLEADING—Petition—Exhibit.** In an action for alleged negligent injuries by a common carrier to live stock in transit, a copy of the bill of lading or shipper's contract is not required, by section 3996, St. Okla. 1893 (section 4769, Rev. Laws 1910), to

be attached to the petition, although the petition does not allege any reason for failure to attach same.

3. **COMMERCE—Interstate Shipments—Federal Statute.** Section 9, art. 23 (section 358, Williams' Ann. Ed.), Constitution of Oklahoma, and all state laws which would otherwise affect interstate shipments and contracts pertaining thereto, are superseded and excluded by the federal laws in this regard. U. S. Comp. St. Supp. 1911, p. 1284.

4. **CARRIERS—Shipment Contract—Limitation of Liability.** In respect to intrastate shipments and contracts, any provision, express or implied, "stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void," under section 9, art. 23 (section 358, Williams' Ann. Ed.), Constitution of Oklahoma.

5. **SAME—Burden of Proof.** Where a defendant carrier relies on a general denial and the alleged failure of the plaintiff suing for damages on account of injuries to live stock in transit to give notice of such injuries in accord with a contract of shipment, which appears upon its face and from defendant's own allegations to be an intrastate contract for an intrastate shipment in no wise related to or connected with any interstate shipment or contract, and which makes such notice in terms a condition precedent to plaintiff's right of action, the execution of which contract is denied by plaintiff, such requirement of notice is null and void under section 9, art. 23 (section 358, Williams' Ann. Ed.), Constitution of Oklahoma, notwithstanding plaintiff alleges in his petition and makes **prima facie** oral proof of a through shipment of the live stock from a place in another state, under another contract not in evidence, to the place of destination under said alleged intrastate contract; this being an affirmative defense, and the burden of allegation and proof of same being upon the defendant.

6. **SAME—Connecting Carriers—Liability—Presumption.** In the absence of any arrangement constituting the carriers partners or joint, or joint and several, undertakers, each carrier (except the initial carrier in an interstate shipment under the Carmack Amendment [Act. June 29, 1906, c. 3591, section 7, pars. 11, 12, 34 St. at L. 593 (U. S. Comp. St. Supp. 1911, p. 1307)]) is liable only for loss or injury occurring on its own line; and there is no presumption of such injury on the line of an intermediate one of a series of connecting carriers from the mere fact of such carriage.

7. **SAME—Injury to Shipment—Liability—Presumption.** The Carmack Amendment (Act June 29, 1906, c. 3591, section 7, pars. 11, 12, 34 St. at L. 593 [U. S. Comp. St. Supp. 1911, p. 1307]) to the interstate commerce law (Act Feb. 4, 1887, c. 104, section 20, 24 St. at L. 386 [U. S. Comp. St. 1901, p. 3169]), imposing liability on an initial carrier for loss, damage, or injury to property occurring anywhere on the through route, did not abrogate the

rule of evidence that property received in good order by the initial carrier is presumed to have been received in like good order by the succeeding carrier, and that final delivery in bad order raises a rebuttable presumption that the injury occurred on the delivering carrier's line.

(Syllabus by Thacker, C.)

*Error from County Court, Tillman County;*

*T. E. Campbell, Judge.*

Action by J. E. Harrington and another, copartners, against the Chicago, Rock Island & Pacific Railway Company, and the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendants bring error. Affirmed as to the St. Louis & San Francisco Railroad Company, and reversed as to the Chicago, Rock Island & Pacific Railway Company.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error Chicago, R. I. & P. Ry. Co.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error St. Louis & S. F. R. Co.

*Mounts & Davis* and *Gray & McVay,* for defendants in error.

Opinion by THACKER, C. Plaintiffs in error will be designated as defendants and defendants in error as plaintiffs, in accord with their respective titles in the trial court.

Plaintiffs, as owners and shippers, sued for $782, and recovered judgment for $595, as damages resulting from injuries suffered by 51 mules, in transit, shipped by them, in two cars, from Hico and Dublin, Tex (about three-fourths of the mules being loaded at Hico, and the remaining one-fourth, or half car, being loaded at Dublin), to themselves at Frederick, Okla., as their final destination. The petition, so far as pertinent to this decision, reads as follows:

"That on the 19th day of August, 1909, the Texas Central Railroad Company for a reasonable consideration to it paid by the plaintiffs, accepted and received from the plaintiffs as a common

carrier for hire and agreed and contracted to safely carry and deliver to the end of its route and there deliver to a connecting carrier to be by it carried and transported to Frederick, Okla., fifty-one (51) head of mules, in two (2) car load lots, said mules being the property of the plaintiffs herein, and of the value of seven thousand three hundred eleven and 55-100 dollars ($7,311.55), and on the same day—that is on the 19th day of August, 1909—according to the contract and agreement aforesaid, the aforesaid Texas Central Railroad Company delivered the aforesaid mules of the value aforesaid in two car-load lots to one of the defendants, the St. Louis & San Francisco Railroad Company, a connecting carrier, which accepted and received the said mules as a common connecting carrier of said Texas Central Railroad Company, the defendant, the St. Louis & San Francisco Railroad Company agreeing to safely carry and safely convey as a common carrier for hire the aforesaid mules, within a reasonable time, to Frederick, Okla., and there deliver the same to the plaintiffs herein; and the defendant the said St. Louis & San Francisco Railroad Company carried and conveyed the aforesaid mules to Ft. Worth, Tex., and there delivered the same to the defendant the Chicago, Rock Island & Pacific Railway Company, a railroad belonging to the same railroad system as the defendant the St. Louis & San Francisco Railroad Company, which accepted and received the said mules as a common carrier for hire, and a connecting carrier of the Texas Central Railroad Company, agreeing to safely carry and safely convey as a common carrier for hire the aforesaid mules within a reasonable time to Frederick, Okla., and there deliver the same to the plaintiffs herein; and the defendant the Chicago, Rock Island & Pacific Railway Company carried and conveyed the aforesaid mules to Lawton, Okla., and there delivered the same to the defendant the St. Louis & San Francisco Railroad Company, which accepted and received the said mules as a common carrier for hire, and a connecting carrier of the Texas Central Railroad Company, agreeing to safely carry and safely convey as a common carrier for hire the aforesaid mules within a reasonable time to Frederick, Okla., and there deliver the same to the plaintiffs herein."

The defendants filed separate answers, and, so far as pertinent to this decision, each answer consists of a general denial, and, in case of the St. Louis & San Francisco Railroad Company, of a denial of the plaintiffs' right of recovery because, according to its affirmative allegations, on August 22, 1909, plaintiffs, by

and through their duly authorized agent, E. A. Fields, received a bill of lading from, and made and entered into a written contract with, this said defendant, whereby said mules were to be transported from Lawton, Okla., to Frederick, Okla., which contract contains a condition precedent to the rights plaintiffs are asserting in this action, with which they wholly failed to comply, reading as follows:

"As a condition precedent to recovery of damages for any death, loss, injury, or delay of the live stock, the shipper shall give notice in writing of his claim to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be promptly and fully investigated, and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, or injury or delay."

Plaintiffs replied to the answer of this last-named defendant by a general denial, a denial of the agency and of the authority of Fields, and by alleging a waiver of this defendant's right to notice in writing under said Fields' contract of August 22, 1909.

Upon the issues thus formed the case was tried, with the result already stated.

A reversal is sought upon the following grounds: First, that the court erred in overruling defendants' motion to require plaintiffs to make their petition more definite and certain by setting out a copy of the contract which they allege as shown in the foregoing quotation from their petition. Second, that the court erred in instructing that plaintiffs were not bound by the contract of August 22, 1909, unless Fields was their agent for the purpose of signing or was authorized to sign the same, and that the burden was upon the defendant affected to show such agency or authority. Third, that the court erred in refusing to instruct verdict for the Chicago, Rock Island & Pacific Ry. Co. and in submitting the question of its liability to the jury.

In respect to neglected duty imposed by law, by reason of a relation of parties created by contract, the injured person may

elect to sue upon the contract, or treat the wrong as a tort and bring an action *ex delicto.* 1 R. C. L. sec. 7, p. 321, and *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697.

This action was not upon any "account," "note," "bill," "or other written instrument as evidence of indebtedness"; and therefore the receipt, bill of lading, or shipper's contract, if in writing, under which the mules were delivered to the initial or any other carrier in Texas, is not, in such an action as this, one of these "written instruments" of which section 3996, St. Okla. 1893 (section 4769, Rev. Laws 1910), requires a copy to be attached to the pleading, or, if not done, that "the reason thereof must be stated in the pleading." It thus appears that there is no reversible error in denying the motion to make the petition more definite and certain.

It should here be stated that if, for the purpose of admitting the affirmative defense of the St. Louis & San Francisco Railroad Company, this entire shipment and this purported bill of lading contract for transportation from Lawton to Frederick are to be treated as interstate, and not intrastate, section 9, art. 23 (section 358, Williams' Ann. Ed.), Constitution of Oklahoma, and all state laws which would otherwise affect the subject, are superseded and excluded by the federal statute in this regard and the common law to which it refers (see U. S. Comp. St. Supp. 1911, p. 1284), and cannot affect the rights of either party to the contract relied on in such defense (see *St. L. & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089; *M., K. & T. R. Co. v. Walston,* 37 Okla. 517, 133 Pac. 32; *St. L. & S. F. R. Co. v. Zickafoose,* 39 Okla. 302, 135 Pac. 406; *Atchison, T. & S. F. R. Co. v. Robinson,* 233 U. S. 173, 34 Sup. St. 556, 58 L. Ed. ——). And, if to be so treated as an interstate shipment and contract in considering this defense, the contractual condition precedent to plaintiffs' right of action relied upon in such defense is permissible.

But, on the other hand, if the contract upon which such affirmative defense is predicated is intrastate, such defense is not

permissible, and must fail, because of said section 9, art. 23 (section 358, Williams' Ann. Ed.), Constitution, which reads as follows:

"Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability shall be null and void."

See *Gray v. Reliable Insurance Co.,* 26 Okla. 592, 110 Pac. 728; *Western Union Telegraph Co. v. Crawford,* 29 Okla. 143, 116 Pac. 925, 35 L. R. A. (N. S.) 930; *Western U. Tel. Co. v. Sights et al.,* 34 Okla. 461, 126 Pac. 234; *St. L. & S. F. R. Co. v. Bilby, supra; Brakebill v. C., R. I. & P. Ry. Co.,* 37 Okla. 140, 131 Pac. 540.

The evidence as to the interstate character and terms of the original shipment seems to consist entirely of the oral testimony of one of the plaintiffs that the mules were shipped from Hico and Dublin, as hereinbefore stated, at a rate of $54.50 from Dublin, and that it was a through shipment from that place, where the St. Louis & San Francisco Railroad Company first received them, to Frederick, Okla.

While plaintiffs themselves made out a *prima facie* case of a through shipment to Frederick in establishing the liability of the St. Louis & San Francisco Railroad Company for damages, they do not admit that the contract upon which this defendant relies is in any manner connected with or related to such shipment, but deny the execution of such contract. And the defense of the latter company is predicated upon a contract which it alleges the plaintiffs made with it for the transportation of the mules from Lawton, Okla., to Frederick, Okla., without alleging that this contract was in aid of, or in any manner connected with, any interstate shipment or contract.

There is nothing in this purported contract (in respect to which it may be doubted if there was any evidence whatever rea-

Chicago, R. I. & P. Ry. Co. et al. v. Harrington et al.

sonably tending to show authority in Fields to make same for plaintiffs) which so much as suggests that it is in any way connected with, or has any relation to, the interstate shipment bill of lading or contract made at Dublin (or, possibly, at Hico) for the shipment from Texas to Oklahoma; but to the contrary, this contract, upon which the St. Louis & San Francisco Railroad Company relies, purports to be an intrastate contract for shipment from Lawton to Frederick, Okla., and, if authorized, tends to disprove plaintiffs' claim that it was, at the start, a through shipment to Frederick, Okla.

According to this defendant's answer, the transportation of the mules by it from Lawton to Frederick, Okla., was not under "an entire contract for a continuous voyage" (to quote 17 Am. & Eng. Enc. L. 63) from a place in one state to a place in another, but, to the contrary, was under a contract for transportation from one place to another in the same state. *Chicago, M. & St. P. R. Co. v. State of Iowa*, 233 U. S. 334, 34 Sup. Ct. 592, 58 L. Ed. —; *Gulf, C. & S. F. Ry. Co. v. Fort Grain Co.* (Tex. Civ. App.) 72 S. W. 419, 73 S. W. 845; *Cincinnati, N. O. & T. Ry. Co. v. Interstate Com. Com.*, 162 U. S. 184, 16 Sup. Ct. 700, 40 L. Ed. 935; *Wabash, St. L. & P. Ry. Co. v. People*, 105 Ill. 236, reversed 118 U. S. 577, 7 Sup. Ct. 4, 30 L. Ed. 244.

According to plaintiffs' theory of this case, the shipment was not under the contract relied on by this defendant, but was under another and "an entire contract for a continuous voyage" (carriage), which we must assume contained no such provision in respect to notice as the one upon which this defendant relies, as the burden was upon this defendant to show that it in any way limited or affected its statutory or common-law liability.

In any aspect of the case, the Lawton contract was a new and additional contract, so far as appears or we may know in considering the affirmative defense under consideration; and, the burden being upon this defendant to establish its affirmative defense of failure to give the notice required by that contract, we are bound to regard that contract in its relation to

such defense as purely intrastate, and as unrelated to the interstate shipment and contract, in the absence of evidence to the contrary. Such a contract as that upon which this defendant relies is null and void under the section of our Constitution quoted *supra*. This view of the case disposes of all errors urged by the St. Louis & San Francisco Railroad Company which relate to its defense of want of notice under the Fields contract made at Lawton.

In respect to whether the defendants are primarily liable to the plaintiffs, the questions are entirely different. As to this, the burden is upon the plaintiffs to prove their liability; and no presumption can be indulged against the defendants in the absence of evidence. The evidence in this regard shows that the St. Louis & San Francisco Railroad Company was the final delivering carrier; and it is *prima facie* presumed that property injured in transit through the hands of a series of carriers was so injured in the hands of the delivering carrier, or any preceding carrier in whose hands it is found in an injured conditon. *St. Louis, I. M. & S. R. Co. v. Carlile,* 35 Okla. 118, 128 Pac. 690, and cases there cited; 4 Elliott on Railroads, sec. 1450, p. 113; 3 Hutchinson, Carriers (3d Ed.) sec. 1348, pp. 1593, 1594; *Morganton Mfg. Co. v. Ohio R., etc., Co.,* 121 N. C. 514, 28 S. E. 474, 61 Am. St. Rep. 679; *Hinkle v. Southern R. Co.,* 126 N. C. 932, 36 S. E. 348, 78 Am. St. Rep. 685; *Gwyn Harper Mfg. Co. v. Carolina Cent. R. Co.,* 128 N. C. 280, 38 S. E. 894, 83 Am. St. Rep. 675; *Savannah F. & W. R. Co. v. Harris,* 26 Fla. 148, 7 South, 544, 23 Am. St. Rep. 551; *Montgomery & E. R. Co. v. Culver,* 75 Ala. 587, 51 Am. Rep. 483.

The Carmack Amendment (Act June 29, 1906, c. 3591, sec. 734, St. at L. 593 [U. S. Comp. St. Supp. 1911, p. 1307]) to the interstate commerce law (Act Feb. 4, 1887, c. 104, sec. 20, 24 St. at L. 386 [U. S. Comp. St. 1901, p. 3169]), imposing liability on an initial carrier for loss, damage, or injury to property occurring anywhere on the through route, did not abrogate the rule of evidence that property received in good order by the initial carrier is presumed to have been received in like good order by the suc-

ceeding carrier, and that final delivery in bad order raises a rebuttal presumption that the injury occurred on the delivering carrier's line. *Duvall v. Louisiana Western R. Co.* (La) 65 South. 104.

There was no evidence of any joint traffic arrangement between the several roads over which the mules were shipped, nor as to any contractual relationship between these roads, and, in the absence of any arrangement constituting the carriers partners or joint, or joint and several, undertakers, each carrier (except the initial carrier in an interstate shipment under the Carmack Amendment cited *supra*) is liable only for loss or injury occurring on its own line. *Church v. A., T. & S. F. Ry. Co.,* 1 Okla. 44, 29 Pac. 530. Besides, the direct evidence appears to show that the injury complained of occurred while the property was in the hands of this carrier.

The Chicago, Rock Island & Pacific Railway Company, however, is in a different situation. There is no evidence of injury while the mules were in transit over its road; nor is there any evidence of any fact to which the law attaches responsibility for injury imputable to it—not so much as evidence that the original bill of lading contemplated shipment over its line, nor as to why, how, or when it received the mules.

Under the federal statute cited *supra,* the initial carrier in an interstate shipment is also liable *(Ft. S. & W. R. Co. v. Awbrey,* 39 Okla. 270, 134 Pac. 1117) ; but it was not, according to plaintiffs' pleadings and evidence, the initial carrier. Nor was it the delivering carrier in the shipment in which the mules were injured. Under the pleadings and evidence we must assume it was an intermediate carrier without contractual relation to the initial carrier or to the original contract. It appears from the evidence that the injury occurred while the mules were in the hands of the St. Louis & San Francisco Railroad Company.

For the reasons stated, the judgment should be affirmed as to the St. Louis & San Francisco Railroad Company and reversed

as to the Chicago, Rock Island & Pacific Railway Company.

By the Court: It is so ordered.