**MISSOURI, K. & T. R. CO. v. CHOWNING et al.**

**LUSK et al. v. MISSOURI, K. & T. R. CO. et al.**

Nos. 7939, 8011—Opinion Filed Jan. 30, 1917.

(162 Pac. 1105.)

**1. Justices of the Peace—Appeal by Single Defendant.**

Where a suit is instituted in the justice court against two tort-feasors and a judgment rendered for plaintiff against one only, an appeal taken to the district court by the unsuccessful defendant does not operate to appeal said cause as to the successful defendant.

**2. Carriers—Carriage of Live Stock—Conditions.**

A provision in an intrastate contract of shipment limiting liability and providing that no claim for damages can be sustained unless "written notice be given the company," etc., is in conflict with section 9, art. 23, Constitution of Oklahoma, and void.

**3. Appeal and Error—Review—Harmless Error.**

The evidence in this case examined and same so conclusively establishes the liability of the Missouri, Kansas & Texas Railway Company that the errors, if any, are harmless and not prejudicial to the substantial rights of the company, and therefore, under section 6005, Revised Laws of 1910, this cause is affirmed.

(Syllabus by Hooker, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by R. H. Chowning against the Missouri, Kansas & Texas Railway Company and James W. Lusk and another, receivers of the St. Louis & San Francisco Railroad Company, begun in justice court, where there was a judgment in favor of plaintiff against the first-named defendant and in favor of the latter. The first-named defendant appealed to the district court, where judgment was rendered against both defendants, and both bring error; the cases being consolidated. Affirmed in part, and in part reversed, with directors.

Clifford L. Jackson, W. R. Allen, and M. D Green, for plaintiff in error Missouri, K. & T. R. Co.

W. T. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error St. Louis & S. F. R. Co.

George S. March, for defendant in error Chowning.

Opinion by HOOKER, C. R. H. Chowning on the 29th day of November, 1914, shipped a carload of cattle from Atoka, Okla., to Madill, Okla., and the same was loaded for shipment in the afternoon of November 29th at Atoka at the stockyards of the Missouri, Kansas & Texas Railway Company, and on the same evening transported by it to Durant, Okla., and about 8:30 the same evening the car was placed upon the connecting track between the Missouri, Kansas & Texas Railway Company and the St. Louis & San Francisco Railroad Company at Durant,

Okla. The track that constituted the connection between these two companies was owned, operated, and used by said companies jointly. The car was permitted to remain upon this connection track until approximately noon the next day, when the Missouri, Kansas & Texas Railway Company transferred the same to its stock pens and unloaded the cattle in order that they might be fed and watered, and about 4 o'clock that afternoon the St. Louis & San Francisco Railroad Company transported the same from Durant, Okla., to Madill, Okla., and delivered the same there about 8 o'clock that evening.

R. H. Chowning instituted suit in the justice court against these two railroads in which he sought to recover damages for alleged injury to said cattle, which suit was tried before a justice of the peace, who rendered judgment in his favor and against the Missouri, Kansas & Texas Railway Company and in favor of the "Frisco." Chowning was satisfied with the judgment in his favor against the Missouri, Kansas & Texas Railway Company and with the judgment against him in favor of the "Frisco," and did not appeal therefrom, but the Missouri, Kansas & Texas Railway Company within ten days after the rendition of said judgment against it filed in the justice court an appeal bond payable to R. H. Chowning and the "Frisco" jointly, which bond was in statutory form, whereupon the cause was certified by the justice to the district court, and when said appeal was filed in the district court the "Frisco" appeared specially and moved to dismiss the appeal, which motion was by the court overruled, and an exception reserved by the "Frisco."

Upon the trial in the district court judgment was rendered against the "Frisco" and the Missouri, Kansas & Texas Railway Company for the full amount. The "Frisco" has appealed here, and one of the errors assigned is that the trial court should have sustained its motion to dismiss the appeal to the district court in said cause as to it. It is contended by the "Frisco" that the right of appeal from a justice court is purely statutory, and can be exercised only in accordance with statutory provisions. By reference to section 5466, Revised Laws of 1910, it is apparent that:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party," etc.

And it is the contention of the "Frisco" here that it, in the trial of said cause in the justice court, did not occupy the relation of adverse party to the Missouri, Kansas & Texas Railway Company, whether that term be construed with reference to the position of the parties upon the record or to their interest in the judgment and the ultimate determination of the case. And it is further contended by it that it has not any interest in the judgment of the plaintiff against the Missouri, Kansas & Texas Railway Company, or in the further progress of the litigation between the plaintiff and that company in the district court; that the Missouri, Kansas & Texas Railway Company had no interest in the result of the action between it and the plaintiff, and that, inasmuch as the plaintiff himself did not appeal from the judgment of the justice rendering a judgment against him and in favor of it, the same being a judgment of a court of competent jurisdiction, it was a final determination of the issue between the plaintiff and it, and that, inasmuch as the plaintiff did not appeal from said judgment, he must be held to be satisfied with the judgment as rendered, and content to proceed against the Missouri, Kansas & Texas Railway Company alone for the enforcement of his claim for damages, and if upon the trial of said cause it should be determined that the Missouri, Kansas & Texas Railway Company was not liable, but that the "Frisco" was, he alone assumes the responsibility by failing to appeal from the judgment rendered in favor of the "Frisco" and against him upon said claim, and that it was not necessary for a final determination of the issues between the plaintiff, Chowning, and the Missouri, Kansas & Texas Railway Company for the "Frisco" to be made a party to said appeal; for, if the Missouri, Kansas & Texas Railway Company did not commit said injury, it could not be held liable, and it had the right to show that the injury, if any, was committed by another, and that, inasmuch as the doctrine of contribution by one tort-feasor against the other could not prevail in this case, it was not a necessary party to this appeal. With this contention of the "Frisco" we agree. We are at a loss to understand why or how the "Frisco" could be made a party to this appeal against its wish, and against the wish of the one who had or claimed originally a claim of action against it.

Under the old rule announced by this court in Brown v. Yates, 24 Okla. 231, 103 Pac. 667, it was necessary for the Missouri, Kansas & Texas Railway Company to have made the "Frisco" a party to this appeal, but the rule announced in the case above cited has oftentimes been repudiated by this

court, and it may now be stated as the established rule in this state that an appeal may be taken by one or more of several parties against whom judgment has been rendered in the justice court without joining his co-parties. And under the rule thus announced, the "Frisco" would not be a necessary party to this appeal. It must be borne in mind that in the justice court no judgment was rendered against the "Frisco," that the Missouri, Kansas & Texas Railway Company had no claim against it, and that the plaintiff who instituted the suit was not successful and did not appeal therefrom. The rule seems to be well settled that a judgment of a justice court in favor of one of several defendants is not affected by an appeal prosecuted by a codefendant.

In 24 Cyc. 660, it is said:

"Where an action has been dismissed as to one defendant an appeal by his codefendant does not vacate the judgment of dismissal and bring the former into the appellate court."

And the notes cited refer to the case of Mulrooney v. Lederer (1895) 25 Ohio Cir. Ct. R. 1, wherein that court said:

"The case was dismissed against Mrs. Mulrooney by the justice of the peace. * * * She had no reason to complain of the action of the justice and nothing to appeal from. She was entirely satisfied. Whether L. and son were satisfied or not, they did not appeal the case; they acquiesced in that judgment. But G., against whom judgment was entered, being dissatisfied with the judgment, appealed and gave bond. Did that bring Mrs. M. into the court of common pleas so that she was bound to answer there? It would seem a strange thing that she, being entirely content with the action of the justice, and the persons being so well content with that action that they did not care to appeal, should be brought into the court of common pleas because the other defendant was dissatisfied and appealed."

Also in Long v. Hamilton, 40 Pa. Super. Ct. 273, it is said:

"Where one of two defendants appeals from a judgment of a justice of the peace, and thereafter the plaintiff files a transcript of the justice's record in the court of common pleas so as to secure a lien against the nonappealing defendant, and subsequently the appeal is non prossed, such non pross does not inure to the benefit of the nonappealing defendant, so as to entitle him to have stricken off the judgment entered against him on the transcript."

And in the body of the opinion the court, through Mr. Justice Head, said:

"Where the judgment of a magistrate has gone against two or more joint defendants.

that each one of them is invested with the right to appeal no one will deny. In the exercise of this right the law does not require that each defendant should separately and individually assert it. One appeal in the name and for the benefit of all, subjecting each to the statutory obligation imposed on every appellant, is sufficient. But no man can be compelled by another, though he be a codefendant, to appeal from a judgment against his will. Nor conversely can any citizen be prevented, even by the hostile attitude of his codefendants from exercising his right to appeal. A defendant, satisfied that justice has been done, even though the judgment be against him, is not required to camp on the steps of the magistrate's office to see that, when this codefendant comes to exercise his right of appeal, he himself is not dragged unwillingly into an appellate court and subjected to a liability for the costs of further litigation."

In the case of Phillips v. Holmes, 165 Ala., 250, 51 South. 625, the Supreme Court of Alabama said:

"The cause was removed to the circuit court on the petition of the defendant W. H. Phillips in which the other defendants did not join. The other defendants now insist that as to them the circuit court never acquired jurisdiction. Until this time it has remained a question of some doubt whether the appeal or certiorari by one or two or more defendants from a judgment of the justice of the peace removes the entire cause to the circuit court, or only the case of the appealing defendant. In Ex parte Bogatsky Brothers & Co., 134 Ala. 384, 32 South. 727, following Craig v. Atwood, 1 Stew. & P. (Ala.) 86, which construed the same statute in an earlier and slightly though not substantially, different form, this court pretermitted decision of the precise question here presented, though deciding that any party had the right of appeal irrespective of the concurrence of others. Such being the case, an appeal by one necessarily operates as a severance, and removes those difficulties which have seemed to require that on appeal to this court the entire cause shall be removed and a severance had here if desired. We are inclined, therefore, to the opinion that the appeal of one defendant from the judgment of a justice of the peace to the circuit court removes the cause as to the one party only."

In Hughes Bros. v. Prewitt, 170 Mo. App. 594, 157 S. W. 120, it is said:

"Where one defendant did not appeal from an adverse judgment in justice court, such judgment is conclusive upon him, though his codefendant appealed to the circuit court."

In 2 Cyc. 759, it is said:

"Where a judgment or decree is rendered against a part only of the coplaintiffs or codefendants, an appeal and writ of error

should be prosecuted only in the name of those prejudiced. Where those not prejudiced are joined therein, the petition or writ will be dismissed."

Chowning being satisfied with his judgment against the Missouri, Kansas & Texas Railway Company, and not appealing from the judgment against him in favor of the "Frisco," and the Missouri, Kansas & Texas Railway Company seeking no claim against the "Frisco" nor entitled to none by way of contribution, we are of the opinion that, while the Missouri, Kansas & Texas Railway Company was entitled to appeal from this judgment rendered against it, it was not entitled to bring the "Frisco" upon appeal to the district court, and that the motion filed by it in the district court to dismiss the appeal was improperly overruled, and should have been sustained, and that this case as to the "Frisco" should be reversed, and the lower court is hereby directed to enter an order dismissing the appeal so far as it is concerned.

The Missouri, Kansas & Texas Railway Company seeks to avoid liability here by asserting: First, that under the evidence it had performed its contract by making a delivery of the cattle to the "Frisco;" and, second, that the failure of the shipper to give it notice of his damage within the time specified in the contract is a bar to any recovery by him here. There can be no question about the rule of law asserted by the Missouri, Kansas & Texas Railway Company; for, if it had completed the delivery of this car of cattle to the "Frisco" Railroad Company before the same was damaged, then it cannot be held liable for the injuries received by the cattle after they had passed into the possession of the "Frisco" Railroad Company.

It is apparent that the jury thought that the Missouri, Kansas & Texas Railway Company and the St. Louis & San Francisco Railroad Company were guilty of negligence, and rendered a judgment in favor of the plaintiff below against them.

In the instant case it was extremely difficult for the jury to say when this car of cattle passed from the possession of the initial carrier to that of connecting carrier. The connecting track between the two companies, under the evidence, belonged to and was used by these companies jointly, and it cannot be said that the mere transferring of the car from one line or system of railroad to the connecting track was an absolute unconditional delivery of the same from one road to the other. The car thus transferred to the connecting track was still in the possession until the same had been taken possession of by the other company either actual or constructive, and the evidence here does not show when the bill of lading was delivered to the "Frisco."

In the instant case the evidence establishes that the car was placed by the Missouri, Kansas & Texas Railway Company upon the connecting track at Durant about 8:30 o'clock on November 29th, and so remained until about noon on November 30th, when the Missouri, Kansas & Texas Railway Company transferred the same to its stock pens some three blocks away and unloaded the cattle therefrom. From these facts the jury was justified in holding that the Missouri, Kansas & Texas Railway Company had never made delivery of this car to the other company, and that the same did not pass from its possession until the afternoon of November 30th after the injury to the cattle of the plaintiff below had been caused by the unnecessary and unreasonable delay and negligence of the Missouri, Kansas & Texas Railway Company in handling this car of cattle.

We have carefully considered the instructions of the court, and in our judgment the same fairly present the law of this case, so far as the Missouri, Kansas & Texas Railway Company is concerned, and under the view we take of the record there was no error in refusing to give the requested instructions offered by it. The evidence here clearly established liability on the part of the Missouri, Kansas & Texas Railway Company, and, there being no question as to the amount of plaintiff's damage raised here, we are of the opinion that the errors complained of, if any, come clearly within the rule laid down by section 6005, Revised Laws of 1910.

This court in the case of C., R. I. & P. R. Co. v. Harrington, 44 Okla. 41, 143 Pac. 327, said:

"But, on the other hand, if the contract upon which such affirmative defense is predicated is intrastate, such defense is not permissible, and must fail, because of said section 9, art. 23 (section 358, Williams') Constitution, which reads as follows: 'Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability shall be null and void.'"

From the evidence here the Missouri, Kansas & Texas Railway Company did not have any conductor or agent at the point of destination to whom any notice could have

been given by the plaintiff below. And in Engesether v. Great Northern R. Co., 65 Minn. 168, 68 N. W. 4, it is said:

"Defendant contracted with plaintiff to transport live stock to a point beyond the line of its road, it having to deliver it to another and connecting road for transportation to its destination. The contract contained a provision that, as a condition precedent to his right to recover any damage for any loss or injury to said stock, plaintiff should give notice in writing of his claim therefor to some officer of the defendant company, or its nearest station agent, before the stock is removed from the place of its destination or delivery, and before it is mingled with other stock. It did not appear that the defendant had any officer or agent at the place of destination or delivery. Held that, under the circumstances, this condition was unreasonable and void."

The evidence of the plaintiff below was that he furnished immediately upon the arrival of said stock at Madill written notice to the agent of the delivering carrier of the condition of the stock and his claim for damages. See, also, St. L. & S. F. R. Co. v. Bilby, 35 Okla. 589, 130 Pac. 1089; Brakebill v. C., R. I. & P. R. Co., 37 Okla. 140, 131 Pac. 540.

Under the authorities above cited we are of the opinion that the defense relied upon here, "the failure of Chowning to give to the Missouri, Kansas & Texas Railway Company written notice," is not available to it.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.