J. H. BROOKS, Plaintiff,

v.

The PURE OIL COMPANY, a corporation, Defendant.

No. 659.

United States District Court
E. D. Kentucky, at London.

Aug. 9, 1954.

Logan E. Patterson, James S. Wilson, Pineville, Ky., for plaintiff.

Ben A. Harper, W. D. Deakins, Jr., Chicago, Ill., Robert J. Watson, Middlesboro, Ky., for defendant.

FORD, Chief Judge.

For more than twelve years prior to March 26, 1952, the plaintiff, doing business as The Cumberland Oil Company, pursuant to a series of contracts, purchased gasoline from defendant, The Pure Oil Company, for resale at wholesale to retailers operating service stations. Plaintiff maintained a gasoline bulk plant at Middlesboro, Bell County, Kentucky, from which he delivered gasoline to his customers. By the "Jobbers' Sales Agreement" of 1948 covering the period January 1, 1948, to December 31, 1951, plaintiff's sales and deliveries of gasoline purchased from defendant were limited to Bell County, Kentucky. The 1948 contract was superseded by the "Jobbers' Sales Agreement" executed on June 5, 1950, filed herein with the complaint, covering the period July 1, 1950, to June 30, 1953, which will be hereinafter referred to as the 1950 contract. This contract extended the area of plaintiff's resales and deliveries of gasoline purchased from defendant to include both Bell County, Kentucky, and Claiborne County, Tennessee.

By counts One, Two and Three of his complaint, plaintiff asserts three separate and independent claims against defendant aggregating $150,000.

Defenses set up by defendant's answer consist of denials of certain of plaintiff's allegations and also affirmative defenses as to each of them resting upon provisions of the 1950 contract. In addition, defendant asserts a counterclaim for gasoline and other merchandise sold and delivered to plaintiff in the sum of $20,996.28. By reply, plaintiff admits liability for the counterclaim but demands that the amount thereof "be credited or extinguished to the extent of sums established to be owing by defendant to plaintiff by virtue of the matter alleged in plaintiff's original complaint."

Relying upon the sufficiency of its affirmative defenses, the defendant by motion, under the provisions of Fed. Rules Civ.Proc. rule 56, 28 U.S.C.A., seeks summary judgment in its favor upon each of plaintiff's claims as well as upon its counterclaim.

Counsel for the parties have presented extensive briefs upon their respective contentions and the case is now submitted upon the defendant's motion.

In "Count One" of the complaint, plaintiff seeks to recover the amount of the discount (2¼%) allowed the defendant by the State of Kentucky pursuant to 138.270, Kentucky Revised Statutes upon defendant's payments of excise taxes to the State under the provisions of KRS 138.220, on account of gasoline imported into the State and sold to plaintiff by defendant, a "Dealer", as defined by KRS 138.210(2).

"Count Two" of the complaint states a claim for damages on account of the alleged wrongful breach by defendant of the 1950 contract filed with the complaint.

"Count Three" of. the complaint states a claim, under 15 U.S.C.A. §§ 13–15, for recovery, threefold, of damages alleged to have been sustained by plaintiff in his business as the result of alleged price discrimination by defendant in the sale of gasoline to other jobbers at prices substantially lower than the prices charged plaintiff.

As to the claims stated in Counts 1 and 3, one of the defendant's affirmative defenses is that the plaintiff failed to comply with paragraph 11 of the 1950 contract, which provides:

" * * * Buyer further agrees to give Seller written notice on the first day of each month hereafter, during the existence of this agreement, of

each and every claim or demand that the Buyer has against the Seller, at the time each notice is given; and it is expressly agreed that Buyer's failure to so notify the Seller of any such claims or demands, each month, if any there be, shall constitute and be a waiver and release by the Buyer of such claims or demands that Buyer has against Seller up to and at the time each respective notice should have been given."

By affidavits of defendant's officers who dealt with plaintiff through the years of his dealings with defendant, together with the deposition of the plaintiff filed herein, it is shown without dispute that for at least a year or more before the termination of the 1950 contract the plaintiff was fully aware of the facts upon which he bases his claims asserted in Counts 1 and 3. Plaintiff's counter affidavit to the effect that he had no knowledge or information as to the alleged price discrimination prior to the time he and defendant became involved in the controversy, which culminated in the termination of their business relations, presents no dispute or contradiction of the facts shown by his deposition and the affidavits of defendant's officers.

Neither by pleading nor otherwise does plaintiff claim to have given the notice required by the contract or to have attempted to do so.

Authorities relied upon by plaintiff in respect to contract provisions curtailing statutory limitations with respect to time for instituting suit upon claims seem entirely beside the point for the provision of the contract here involved places no limitation upon the time for filing suit upon a claim.

The notice called for was designed to preclude stale claims as well as to provide defendant timely opportunity to promptly rectify the basis for a customer's just claim or complaint. The notice thus required by the contract is a condition precedent to the maintenance of this action upon the claims asserted under Counts 1 and 3 and failure to give the notice constitutes a valid defense to

each of them. Plaintiff's contention that the provision is void for unreasonableness and contrary to public policy seems untenable. Walter Pratt & Co. v. W. C. Morris & Co., Ky., 87 S.W. 783, 27 Ky. Law Rep. 1035.

In view of the above conclusion, it is unnecessary to consider other affirmative defenses to counts 1 and 3.

█ It appears without controversy that the defendant's cancellation of the 1950 contract as of March 26, 1952, gave rise to the claim asserted in Count 2 of the complaint. Defendant's affirmative defense to Count 2 rests upon the following provisions of the 1950 contract:

"6. Terms of Payment. As directed by Seller's Credit Department. If Buyer fails to fulfill the terms of payment or if Buyer's financial responsibility shall become impaired in the judgment of the Seller, Seller may, without prejudice to other lawful remedy, defer shipments until payment be made or terms of agreement be complied with, or may demand cash payment, *or may cancel this agreement.*" (Italics added.)

By affidavits of defendant's officers on file, together with plaintiff's admission of facts and his deposition, it is shown without dispute, that he persistently failed to comply with this provision of the contract. He repeatedly ignored demands by defendant's credit department for payment or reduction of his indebtedness to defendant. In cancelling the 1950 contract, the defendant exercised its right so to do under the above provision of the contract, and no liability arises on account thereof.

I am of the opinion that, as to each of the claims asserted herein by plaintiff, the pleadings, the deposition of plaintiff, together with admissions and affidavits on file, show that, in respect to the affirmative defenses herein referred to, there is no genuine issue as to any material fact and that upon each count of the complaint, as well as the counterclaim, the defendant is entitled to judg-

ment in its favor as a matter of law. Judgment should be entered accordingly.

Counsel for defendant will prepare, serve on plaintiff's counsel and submit for entry appropriate form of judgment.