Roy D. INMAN, Appellant,

v.

CLYDE HALL DRILLING COMPANY, Inc.,
a foreign corporation, Appellee.

No. 116.

Supreme Court of Alaska.

March 9, 1962.

James K. Tallman, Bell, Sanders & Tallman, Anchorage, for appellant.

John S. Hellenthal, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This case involves a claim for damages arising out of an employment contract. The main issue is whether a provision in the contract, making written notice of a claim a condition precedent to recovery, is contrary to public policy.

Inman worked for the Clyde Hall Drilling Company as a derrickman under a written contract of employment signed by both parties on November 16, 1959. His employment terminated on March 24, 1960. On April 5, 1960, he commenced this action against the Company claiming that the latter fired him without justification, that this amounted to a breach of contract, and that he was entitled to certain damages for the breach. In its answer the Company denied that it had breached the contract, and asserted that Inman had been paid in full the wages that were owing him and was entitled to no damages. Later the Company moved for summary judgment on the ground that Inman's failure to give written notice of his claim[1], as required by the contract, was a bar to his action based on the contract.[2] The motion was granted, and judgment was entered in favor of the Company. This appeal followed.

A fulfillment of the thirty-day notice requirement is expressly made a "condition precedent to any recovery." Inman argues that this provision is void as against

1. The fact that Inman did not give written notice was not disputed.

2. The portion of the contract with which we are concerned reads: "You agree that you will, within thirty (30) days after any claim (other than a claim for compensation insurance) that arises out of or in connection with the employment provided for herein, give written notice to the Company for such claim, setting forth in detail the facts relating thereto and the basis for such claim; and that you will not institute any suit or action against the Company in any court or tribunal in any jurisdiction based on any such claim prior to six (6) months after the filing of the written notice of claim hereinabove provided for, or later than one (1) year after such filing. Any action or suit on any such claim shall not include any item or matter not specifically mentioned in the proof of claim above provided. It is agreed that in any such action or suit, proof by you of your compliance with the provisions of this paragraph shall be a condition precedent to any recovery."

public policy. In considering this first question we start with the basic tenet that competent parties are free to make contracts and that they should be bound by their agreements. In the absence of a constitutional provision or statute which makes certain contracts illegal or unenforceable, we believe it is the function of the judiciary to allow men to manage their own affairs in their own way.[3] As a matter of judicial policy the court should maintain and enforce contracts, rather than enable parties to escape from the obligations they have chosen to incur.[4]

We recognize that "freedom of contract" is a qualified and not an absolute right,[5] and cannot be applied on a strict, doctrinal basis.[6] An established principle is that a court will not permit itself to be used as an instrument of inequity and injustice. As Justice Frankfurter stated in his dissenting opinion in United States v. Bethlehem Steel Corp., "The fundamental principle of law that the courts will not enforce a bargain where one party has unconscionably taken advantage of the necessities and distress of the other has found expression in an almost infinite variety of cases."[7] In determining whether certain contractual provisions should be enforced, the court must look realistically at the relative bargaining positions of the parties in the framework of contemporary business practices and commercial life.[8] If we find those positions are such that one party has unscrupulously taken advantage of the economic necessities of the other, then in the interest of justice—as a matter of public policy—we would refuse to enforce the transaction. But the grounds for judicial interference must be clear. Whether the court should refuse to recognize and uphold that which the parties have agreed upon is a question of fact upon which evidence is required.[9]

The facts in this case do not persuade us that the contractual provision in question is unfair or unreasonable. Its purpose is not disclosed. The requirement that written notice be given within thirty days after a claim arises may have been designed to preclude stale claims;[10] and the further requirement that no action be commenced within six months thereafter may have been intended to afford the Company timely opportunity to rectify the basis for a just claim. But whatever the objective was, we cannot find in the contract anything to suggest it was designed from an unfair motive to bilk employees out of wages or other compensation justly due them.

There was nothing to suggest that Inman did not have the knowledge, capacity or opportunity to read the agreement and understand it; that the terms of the contract were imposed upon him without any real freedom of choice on his part; that there was any substantial inequality in bargaining positions between Inman and the Company. Not only did he attach a copy of the contract to his complaint, which negatives any thought that he really wasn't aware of its provisions, but he also admitted in a deposition that at the time he signed the contract he had read it, had discussed it with a Company representative, and was familiar with its terms. And he showed specific knowledge of the thirty-day notice requirement when, in response to a ques-

3. Dr. Miles Medical Co. v. John D. Park & Sons, 220 U.S. 373, 411, 31 S.Ct. 376, 55 L.Ed. 502, 520 (1911) (Justice Holmes, dissenting).

4. Baltimore & Ohio S. W. Ry. v. Voigt, 176 U.S. 498, 505, 20 S.Ct. 385, 44 L.Ed. 560, 565 (1900).

5. Chicago, Burlington, & Quincy R. R. v. McGuire, 219 U.S. 549, 567, 31 S.Ct. 259, 55 L.Ed. 328, 338 (1911).

6. Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 84 (1960).

7. 315 U.S. 289, 327–328, 62 S.Ct. 581, 600, 86 L.Ed. 855, 877 (1942).

8. Henningsen v. Bloomfield Motors, Inc., supra note 6, 32 N.J. 358, 161 A.2d at 84.

9. 6 Corbin on Contracts § 1375, at 451–452 n. 9 (1951).

10. Brooks v. Pure Oil Co., 126 F.Supp. 426, 428 (E.D.Ky.1954).

tion as to whether written notice had been given prior to filing suit, he testified:

> "A. Well, now, I filed—I started my claim within 30 days, didn't I, from the time I hit here. I thought that would be a notice that I started suing them when I first came to town.
>
> "Q. You thought that the filing of the suit would be the notice?
>
> "A. That is right."

■ Under these circumstances we do not find that such a limitation on Inman's right of action is offensive to justice. We would not be justified in refusing to enforce the contract and thus permit one of the parties to escape his obligations. It is conceivable, of course, that a thirty-day notice of claim requirement could be used to the disadvantage of a workman by an unscrupulous employer. If this danger is great, the legislature may act to make such a provision unenforceable.[11] But we may not speculate on what in the future may be a matter of public policy in this state. It is our function to act only where an existent public policy is clearly revealed from the facts and we find that it has been violated. That is not the case here.

■ Inman's claim arose on March 24, 1960. His complaint was served on the Company on April 14. He argues that since the complaint set forth in detail the basis of his claim and was served within thirty days, he had substantially complied with the contractual requirement.

Service of the complaint probably gave the Company actual knowledge of the claim. But that does not serve as an excuse for not giving the kind of written notice called for by the contract.[12] Inman agreed that no suit would be instituted "prior to six (6) months *after the filing of the written notice of claim.*" (emphasis ours) If this means what it says (and we have no reason to believe it does not), it is clear that the commencement of an action and service of the complaint was not an effective substitute for the kind of notice called for by the agreement. To hold otherwise would be to simply ignore an explicit provision of the contract and say that it had no meaning. We are not justified in doing that.

■ The contract provides that compliance with its requirement as to giving written notice of a claim prior to bringing suit "shall be a condition precedent to any recovery." Inman argues that this is not a true condition precedent—merely being labelled as such by the Company—and that non-compliance with the requirement was an affirmative defense which the Company was required to set forth in its answer under Civ.R. 8(c). He contends that because the answer was silent on this point, the defense was waived under Civ.R. 12(h).[13]

The failure to give advance notice of a claim where notice is required would ordinarily be a defense to be set forth in the answer.[14] But here the parties agreed that such notice should be a condition precedent to any recovery. This meant that the Company was not required to plead lack of notice as an affirmative defense, but instead, that Inman was required to plead performance of the condition or that performance had been waived or ex-

---

11. In Oklahoma the constitution (art. XXIII, § 9) provides: "Any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void." See Brakebill v. Chicago, R. I. & P. Ry., 37 Okl. 140, 131 P. 540 (1913).

12. Gooch v. Oregon Short Line R. R., 258 U.S. 22, 24, 42 S.Ct. 192, 66 L.Ed. 443, 445 (1922).

13. This rule provides in part that "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *."

14. F. W. Woolworth Co. v. Stoddard, 156 A.2d 229, 231 (D.C.Mun.Ct.App.1959).

cused.[15] The Company may not be charged under Civ.R. 12(h) with having waived a defense which it was not obliged to present in its answer.

Relying upon the doctrine of anticipatory breach of contract, Inman argues that when the Company discharged him it repudiated the employment agreement, and he was then excused from any further performance, including performance of the condition precedent of giving written notice of his claim.

What the Company allegedly did was not an anticipatory breach of contract in the strict sense of the term. Such a breach would have been committed only if the Company had repudiated its contractual duty before the time fixed for its performance had arrived.[16] That was not the case here. Both parties had commenced performance on November 16, 1959, and they continued to perform until March 24, 1960. We believe Inman's real claim is that there was a breach of an existing duty accompanied by words or acts disclosing the Company's intention to refuse performance in the future, and that this conferred upon him the privilege to deal with the contract as if broken altogether.[17]

But even assuming that there had been a breach which excused Inman from further performance of his contractual obligation to work for the Company for the full term of the contract,[18] it does not follow that he was also excused from performing the condition precedent to commencement of this action for damages.[19] He did not allege, nor does the record indicate, that his failure to give notice was caused by the Company's fault. There is no showing nor any inference that the Company, by words or conduct, induced Inman not to give the required notice, or led him to believe that giving notice would be a futile gesture.[20] In fact, he admitted in his deposition that his reason for not complying with the condition was because he thought the filing of the suit would constitute the required notice.

Inman's last point is that the trial court erred in entering a final judgment. He argues that the failure to give written notice was merely a matter in abatement of his action until the condition could be performed, and that the most the court ought to have done was to dismiss the action without prejudice.

This argument is unsound. At the time judgment was entered Inman could no longer perform the condition precedent to recovery by giving written notice of his claim within thirty days after the claim arose, because this time limitation had expired. In these circumstances his right to seek redress from the court was barred and not merely abated.[21] Final judgment in the Company's favor was proper.

The judgment is affirmed.

15. Civ.R. 9(c); 1A Barron & Holtzoff, Federal Practice and Procedure § 304 (1960); Williams v. Fire Ass'n of Philadelphia, 119 App.Div. 573, 104 N.Y.S. 100, 102 (1907).

16. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 681, 56 S.Ct. 615, 80 L.Ed. 971, 977 (1936); 5 Williston, Contracts § 1296 (rev. ed. 1937); 4 Corbin on Contracts § 959, at 855 (1951).

17. New York Life Ins. Co. v. Viglas, supra note 17, at 681–682, 56 S.Ct. 615, 80 L. Ed. at 977.

18. The contract provided that "The term of your employment will be on a twelve (12) months' basis terminable at the end of twelve (12) months by either the Company or yourself, or by the Company at any time on five (5) days previous written notice to you." Inman had worked approximately four months when his employment was terminated.

19. 5 Williston, Contracts § 1315 (rev. ed. 1937).

20. Insurance Co. of North America v. Newtowne Mfg. Co., 187 F.2d 675, 681–682 (1st Cir. 1951); 1 Restatement, Contracts § 306 (1932); United States v. Conti, 64 F.Supp. 187, 190 (D.Mass.), aff'd, 158 F.2d 581 (1st Cir. 1946).

21. Breeland v. Southern Pacific Co., 231 F.2d 576, 579 (9th Cir. 1955).