DICK FISCHER DEVELOPMENT NO. 2, INC., Appellant,

v.

DEPARTMENT OF ADMINISTRATION, STATE OF ALASKA, Appellee.

No. S–2942.

Supreme Court of Alaska.

Sept. 8, 1989.

Rehearing Denied Oct. 19, 1989.

---

David H. Call, Call, Barrett & Burbank, Anchorage, John Spencer Stewart and Traeger Machetanz, Stafford, Frey, Cooper & Stewart, Anchorage, for appellant.

Ross A. Kopperud and Paul S. Stahl, Asst. Attys. Gen., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

Dick Fischer Development No. 2, Inc., brought this action against the State of Alaska after the cancellation of a large construction project. Arguing that a valid construction contract was formed and subsequently breached, Fischer sought lost profits and breach of contract damages. The state was awarded summary judgment and Fischer appeals.[1]

The State of Alaska planned to consolidate state government offices in geographically central locations in various cities. (For a detailed factual background *see generally McBirney & Associates v. State,* 753 P.2d 1132, 1133 (Alaska 1988)). In downtown Anchorage, the state proposed to construct a large office and retail commercial facility, known as the Anchorage Office Complex. To this end, the state solicited design proposals and construction bids from developers. Fischer was identified as the lowest qualified responsive bidder. Bid protests were filed delaying the construction process.[2] The project was

---

1. The superior court only granted partial summary judgment. Fischer's bid cost claim still remains.

2. The bid protests were filed pursuant to 2 AAC 15.100 (repealed January 1, 1988), which read:

(a) An aggrieved bidder may, within five days after award of a contract, appeal to the department for hearing.

(b) A bidder requesting hearing shall

cancelled, however, before administrative review of the bid protests was completed.

 The crux of this controversy is the interpretation of the bid abstract or notice of award, the standard form used to present bid competition results.[3] It is well established in Alaska that an agency's solicitation of bids is a request for offers and not itself an offer. *King v. Alaska State Housing Authority,* 633 P.2d 256, 261 (Alaska 1981). The bid abstract identifies the apparent successful bidder and serves as an interim or conditional acceptance of the offer or bid until a full, formal construction contract is executed. Usually, "[a]cceptance (award) of a responsive bid creates a contract to furnish the offered supplies or services." *State v. ZIA, Inc.,* 556 P.2d 1257, 1261 n. 12 (Alaska 1976) (citing 1B J. McBride and I. Wachel, *Government Contracts, Procurement by Formal Advertising,* § 10.10[5] at 10–12 (1973)).

 The bid abstract in the case at bar provides that it is "final notice of award of contract(s) ... if no appeal of the award(s) stated hereon is received from an aggrieved bidder during the five days following the date of this abstract." AS 37.05.240.[4] The straightforward wording of the bid abstract creates a condition and warns the successful bidder that a contract has not been formed and the bid process is subject to appeal.

It is not disputed that the aggrieved bidders filed bid protests within the required five days. Therefore, the final award was placed in abeyance until the bid protests were resolved. Since the Anchorage Office Complex project was cancelled before the bid protests were adjudicated, the conditions of acceptance were never fully satisfied. By the bid abstract's explicit terms, no contract between Fischer and the State was formed.

 Acceptance is incomplete if the requirements of a condition precedent or of a condition subsequent are not fulfilled. When a condition subsequent occurs, it "will extinguish a duty to make compensation for breach of contract after the breach occurred." *State v. Allen,* 625 P.2d 844, 848 (Alaska 1981) (quoting Restatement of Contracts, § 250 (1932)). If the occurrence or the nonoccurrence of a condition is required by the manifested intention of the parties, a rule of strict compliance traditionally applies, despite its harshness. 5 S. Williston, *A Treatise on the Law of Contracts,* § 669 (3d ed. 1961). *Cf. Inman v. Clyde Hall Drilling Co.,* 369 P.2d 498 (Alaska 1962). As a matter of law, no contract was formed because there was no acceptance due to failure to satisfy a condition precedent or because any contract that was formed was subject to a condition subsequent which occurred.

The decision of the superior court is AFFIRMED.

---

(1) submit his appeal in writing within five days of the award;

(2) explain in detail all of the reasons for the appeal;

(3) send a copy of his appeal to all interested parties, including all other bidders.

(c) The appeal for hearing will be reviewed by the commissioner and the aggrieved bidder will be advised within 15 days whether his appeal was accepted or rejected and, if rejected, the reasons for that action.

(d) When appeal for hearing is accepted, it will

(1) be scheduled as soon as practicable, but not later than 20 days after acceptance;

(2) be held in the town where the sealed bid was publicly opened;

(3) be made known to all interested parties at least five calendar days prior to the hour of hearing;

(4) be recorded in its entirety.

(e) All interested parties wishing to be heard at the hearing should submit a written brief of their statement to the hearing officer no later than 24 hours prior to hour of hearing.

3. *See State v. Johnson,* 779 P.2d 778, (Alaska, 1989).

4. AS 37.05.230–37.05.280 were repealed in 1986 and replaced by AS 36.30.005–36.30.995 (ch. 106, § 69, SLA 1986; ch. 65, § 27, SLA 1987).