**UNITED STATES v. IOVACCHINI BROS., Inc.**

No. 7485.

Circuit Court of Appeals, Third Circuit.

Dec. 6, 1940.

Edw. A. Kallick, of Phildelphia, Pa., for appellant.

Leon E. Sperling, of Phildelphia, Pa., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

Iovacchini Brothers, Inc., the defendant, submitted the low bid for remodeling the United States post office at Jersey City, New Jersey, and as part of that bid agreed to execute a written contract and give bond with surety for the faithful performance of the work. The defendant's bid was accepted. It thereupon executed the written contract required of it and on February 4, 1933 gave a performance bond in the standard form in the sum of $150,000 with two individual sureties, Alexander R. Alessi and Nicholas Iovacchini, the latter being the father of the brothers who were the officers of the defendant. Alessi executed an affidavit in which he stated that he owned property worth $225,000 and Iovacchini executed an affidavit in which he claimed to own property worth $90,000. These affidavits accompanied the bond.

Five days later an agent of the Treasury Department came to Philadelphia to investigate the financial responsibility of the individual sureties. The agent interviewed both Iovacchini and Alessi. It very soon became apparent that Iovacchini and Alessi were without the financial responsibility adequate to enable them to become sureties upon a performance bond in the amount indicated, for by their own statements they manifestly demonstrated their lack of adequate financial responsibility. As a matter of fact Alessi stated to the agent that if the United States was going to make a detailed investigation into his affairs he, Alessi, might as well withdraw as surety. Iovacchini's assets also appeared to be very small. Indeed it is doubtful if they exceeded his liabilities. The agent informed both sureties that the information given by them as to their financial status was unsatisfactory and gave the defendant an opportunity to furnish corporate surety. Since no corporate or other additional or substitute surety was offered the Treasury Department accepted the bid of the next lowest bidder and the United States instituted suit in the court below for breach of contract because of the failure of the defendant to produce satisfactory sureties for the performance of its obligations upon its

bid and under its contract, the measure of damages claimed being the difference between the defendant's bid and that of the next lowest bidder. The defendant answered alleging that it had given bond with good and sufficient sureties but that the United States, without just cause, had refused to accept the sureties. The case was tried by the court without a jury, and the District Judge reached the conclusion that the United States had failed to prove the breach of contract alleged and entered judgment for the defendant. The appeal at bar followed.

We deem it necessary to state at the outset that material findings of fact expressed by the trial judge are not supported by the evidence. An example will suffice. The United States requested the trial court to find that Alessi refused to furnish the investigating agent with a list of his assets and liabilities or any information which would permit that representative to check upon his financial condition. The trial judge refused to make such a finding, stating, "The evidence fails to show that Alexander R. Alessi refused to furnish a list of assets and liabilities or any information which would permit a verification of his financial condition. On the contrary, the testimony indicates that at the request of the investigator Alessi said he would prepare such statement [but it] would be of no use. This did not constitute a direct refusal to co-operate if the investigator had persisted in his demand or shown a disposition or desire to pursue the inquiry. It also appears that Alessi submitted to the investigator a statement of his financial condition, although such statement was too old to be dependable." The record shows that the statement given by Alessi to the investigator was five years old, having been prepared in 1928, and that Alessi, as we have already said, stated if his affairs were investigated he would withdraw as surety. It seems to us that this shows just the opposite of what the trial judge concluded from it.

The trial court erroneously took the position that the Treasury Department and its agents are compelled to extract information from unwilling sureties. Upon the contrary we think that it is the duty of a surety upon a government performance bond to furnish to an investigating agent the information which the latter seeks and to do so promptly and without reserve. Both Alessi and Iovacchini by their attitudes and statements made plain that they were without the responsibility necessary for them to stand as sureties.

The law is equally plain. Article 15 of the contract provided that all disputes concerning questions of fact arising thereunder should be decided by the contracting officer, subject to the right of the contractor to file a written appeal within thirty days with the head of the department concerned (the Assistant Secretary of the Treasury) and that the decision of the department head must be deemed to be conclusive and binding upon the parties. The sufficiency of the surety offered by the defendant was one of fact. The article indicated is valid and binding in the absence of bad faith or any dishonest disregard on the part of the contracting officer. United States v. Gleason, 175 U.S. 588, 20 S.Ct. 228, 44 L.Ed. 284. Here there was no evidence whatsoever of gross mistake or such arbitrary action upon the part of the contracting officer to imply bad faith in refusing to accept the sureties. Ripley v. United States, 223 U.S. 695, 704, 750, 32 S. Ct. 352, 56 L.Ed. 614. The District Judge refused to make a finding of fact to such effect. This was clear error. We are unable to perceive how the trial court could arrive at the conclusion that the investigation under the circumstances had been so inadequate as to warrant a finding that the action of the Treasury Department was aribitrary, or that the investigation "wholly failed to prove their insufficiency [as sureties]".

The judgment of the court below is reversed and the cause is remanded with directions to enter judgment for the plaintiff in the sum demanded with interest.