**CONTI v. UNITED STATES.**

No. 4183.

Circuit Court of Appeals, First Circuit.

Dec. 18, 1946.

Harry Bergson, of Boston, Mass. (Harry Bergson, Jr., of Boston, Mass., on the brief), for appellant.

Gerald J. McCarthy, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

In this case damages are sought by the United States for an alleged breach of contract. It was first tried before a jury in the district court and judgment was entered for the defendant. On appeal, this court reversed that judgment and remanded the case for a new trial. The lower court has now heard the case without a jury and has entered judgment for the plaintiff for damages. The defendant has appealed.

On October 10, 1933, the United States Coast Guard, by a circular letter to 37 contractors and notices posted in public places invited sealed bids to furnish all labor and materials and perform all work for the construction of a two story frame building at the Coskata Coast Guard Station, Nantucket, Massachusetts, in accordance with certain specifications. Incorporated by reference in the invitation to bid was Article 9 of the Government Form P.W.A. 51, which provided that—"If the contractor refuses or fails to prosecute the work * * * with such diligence as will insure its completion * * * within the time specified * * * or fails to complete said work within such time, the Government, may, by written notice to the contractor, terminate his right to proceed with the work * * *. In such event the Government may take over the work and prosecute the same to completion, by contract or otherwise, and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby."

The defendant's bid to perform the contract for $15,495, together with a certified check for $200 as bid security required under the terms of the invitation, was submitted on October 24, 1933. This was the lowest bid received. The second lowest bid for $16,250 was submitted by Pasquale Construction Co., Inc., and the third lowest bid for $17,839 was submitted by Durso Construction Company. The defendant's bid was accepted by the Coast Guard on October 27, 1933, and on that date written acceptance of the offer was made and the defendant was instructed to proceed with the work, it being understood that a satisfactory performance bond in the full amount of the bid price must be furnished before any payment could be made under any contract. But the defendant never executed a formal contract and he did not furnish a performance bond or any labor or materials. He did tell the District Civil Engineer at Boston "that he didn't want to proceed with the work and that he couldn't build it for the price he had put in for it." On November 1, 1933, the plaintiff advised the defendant that it had no authority to allow such withdrawal and on November 7, 1933 the defendant received the following telegram: "Coast Guard Representative at Boston reports you refuse to proceed with work under contract for Coskata Coast Guard Station Dwelling. You are notified that such action will result in your being charged difference in cost between your bid and sum Government will be required to pay for having work performed. Such action will cause you to forfeit your bid security and be chargeable with an excess over such security to liquidate damage Government might suffer through your action. Request you inform this office directly by wire of your decision since you will also be chargeable with any delay in commencing of work by your action. It is also requested that your decision by telegraph be confirmed immediately in writing over your signature."

Counsel for the defendant conceded that the defendant received the telegram and the trial court found that he authorized his counsel to reply to it. There was no direct evidence as to what he said but the court found that "since it is admitted that Conti never undertook the work covered

by the bid and acceptance, the court infers as ultimate facts that Conti's counsel stated that Conti would not perform the contract, and that the Coast Guard relied on that repudiation." No telegram or letter in reply was produced at the trial and the record contains no other evidence on the point. The court further found that on October 15, 1934, a letter was sent to Conti. This letter recited that there had been a default by Conti and as a result thereof he was liable to the plaintiff for $2,144. Neither the November 7 telegram nor this letter constituted written notice of termination under Article 9. After defendant's refusal to proceed with the work, the plaintiff offered the contract to the second lowest bidder but it notified the plaintiff that it was unable to accept the award. The third lowest bid of $17,839 was then accepted, the work completed and the bid amount paid. The defendant's $200 deposit was declared forfeited. The plaintiff sued to recover the sum of $2,144, which is the difference between the defendant's bid of $15,495 and $17,839, the amount bid for the completed work less the $200 deposit. The district court found that this was the measure of damages under Article 9 and accordingly entered its judgment for the plaintiff in the amount with interest at 6% from October 15, 1934.

■ Upon the acceptance of the defendant's bid a valid contract came into existence between plaintiff and defendant. It is conceded that the defendant has broken the contract and is liable in damages for its breach. But the contention is made that the plaintiff is not entitled to recover even nominal damages for it has retained the $200 deposit. It is also urged that recovery of damages cannot be had under Article 9 of Government Form P.W.A. 51, which was part of the contract, because of the failure of the plaintiff to terminate the defendant's right to proceed with the work by written notice.

■ Evidence of the liability of the defendant to respond in damages is found in the fact that the defendant told the District Civil Engineer that he did not want to continue with the work, and that he authorized his counsel to reply to the November 7 telegram having failed to commence work.

We think these facts are sufficient to sustain the finding by the District Judge that his counsel stated that Conti would not perform the contract.

■■ To require the plaintiff to give a written notice under these circumstances would be to require it to do something wholly unnecessary and the plaintiff is relieved from that obligation. Williston, Contracts, Revised Edition, Sec. 698 (A); Restatement, Contracts, Sec. 306. Article 9 is headed "Delays—Damages—" and contains the words "refuses or fails to prosecute the work". A reasonable construction of these words would seem to indicate that the written notice in question would be required where the contractor had begun the work and refused or failed to prosecute it with sufficient diligence to complete it within the time limit in the contract. But this is not the situation here. The defendant did not even begin the work within the 10 days required by the contract and a written notice to terminate is not necessary. The plaintiff may recover the increased cost for construction where, as here, there is a refusal even to begin the work.

■ The defendant insists that the Durso Construction Company's contract cannot be used in estimating the measure of damages because it had not been entered into as a result of advertising as required under the provision of Section 3709 of the Revised Statute, 41 U.S.C.A. § 5. In American Smelting & Refining Co. v. United States, 259 U.S. 75, 42 S.Ct. 420, 66 L.Ed. 833, it is held that the statutory requirements were for the protection of the United States. The Commandant of the Coast Guard in the certificate of award stated that the job was not readvertised because it was desirable to start the work promptly and labor and materials had increased in cost. These conditions created a public exigency for immediate performance which justified the awarding of the contract under the statute without further advertising. The publicity given to the solicitation of bids in the first instance met the requirements of the statute.

■ The plaintiff is entitled to the full amount of the damages recovered. There is nothing in the evidence to show that the sum paid for the completed work was un-

reasonable. The fact that the defendant himself stated that he could not do the job for the price that he had submitted is some evidence of the reasonableness of the amount finally charged. The plaintiff made a prima facie case when it showed that its damages amounted to the difference between the price bid by the defendant and the amount paid to the Durso Construction Co. and no rebutting evidence was offered. United States v. McMullen, 222 U.S. 460, 471, 32 S.Ct. 128, 131, 56 L.Ed. 269.

The judgment of the District Court is affirmed.