## NORTH AMERICAN IRON & STEEL CO., Incorporated, Plaintiff,

v.

## UNITED STATES of America, Defendant.

### Civ. No. 14989.

United States District Court
E. D. New York.
April 14, 1955.

---

Max E. Greenberg, New York City, for plaintiff, Emanuel Harris, New York City, of counsel.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., New York City, for defendant, William C. Gordon, Asst. U. S. Atty., New York City, of counsel.

BRUCHHAUSEN, District Judge.

■ Motion by the defendant, United States of America, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for dismissal of the complaint upon the principal ground that it fails to state a claim. Inasmuch as both parties have presented matters outside of the pleadings, by way of affidavits, the motion is treated as a motion for summary judgment, as permitted by the said rule.

The action is for damages for breach of contract, pursuant to the Tucker Act, 28 U.S.C.A. § 1346(a) (2) which vests the district courts with original jurisdiction of actions not exceeding the sum of $10,000, based on express or implied contract with the United States.

The undisputed facts are that the defendant, through the Department of the Army, issued invitations for sealed bids for the rehabilitation of cargo doors at piers, located at the Army Base in Brooklyn, New York; that such invitations provided that the bidder to whom the contract was awarded would be required to execute the Army Contract form for construction, also that the Government reserved the right to reject any and all bids; that plaintiff submitted a bid on a form prescribed by the Government; that by letter dated March 6, 1953, signed by a contracting officer of the Army, addressed to the plaintiff, the latter was authorized to proceed with the work in accordance with its bid; that the said letter also set forth that the contract and bond were being prepared and would be ready for signature on or before March 9, 1953, and that a time would later be fixed for the execution of the contract; that a letter dated March 10, 1953, signed by the said contracting officer, addressed to the plaintiff, stated that the project had been rescinded.

The Government's position on the motion is that the plaintiff's bid and the letter of acceptance thereof, dated March 6, 1953, did not constitute a contract between the parties, even assuming that the Government employee executing it was a contract officer, further that such officer's authority was limited and that the Regulations prescribed the form of contract, to be used by executive agencies and that such formal contract was never entered into.

■ Neither party has submitted information as to the functions and authority of a contracting officer. Whether or not he had authority to bind the defendant is not now determined. If no authority existed, the defendant would not be obligated. Branch Banking & Trust Co. v. United States, 98 F.Supp. 757, 120 Ct.Cl. 72. The issue now before the Court is whether a valid contract exists, despite the failure of the parties to enter into the formal contract, prescribed by the regulations.

■ Regulations may limit the liability of the Government. Such Regulations are part of the transaction. Federal Crop Insurance Corp. v. Merrill, 332 U. S. 380, 68 S.Ct. 1, 92 L.Ed. 10. Although it appears that the Regulations prescribe a standard form of contract, neither the Regulations nor the invitation to bid provide that a contract in any other form is invalid. The said invitation to bid merely provides that "the bidder who is awarded the contract will be required to execute the Department of the Army Contract Form for Construction".

■ The cases uniformly hold that a binding contract may eventuate by a bid and the acceptance thereof, despite the contemplation of a more formal document. American Smelting & Refining Co. v. United States, 259 U.S. 75, 42 S. Ct. 420, 66 L.Ed. 833; United States v. Swift & Co., 270 U.S. 124, 46 S.Ct. 308, 70 L.Ed. 497; United States v. Purcell Envelope Co., 249 U.S. 313, 39 S.Ct. 300, 63 L.Ed. 620; Harvey v. United States, 105 U.S. 671, 26 L.Ed. 1206; Garfielde

v. United States, 3 Otto 242, 93 U.S. 242, 23 L.Ed. 779.

In fact, under similar circumstances, the Government sued a contractor and recovered. Conti v. United States, 1 Cir., 158 F.2d 581.

The motion is denied. Settle order on notice.