**UNITED STATES of America**
**v.**
**Corrie C. PENNINGTON.**
**Civ. A. No. 2734.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

April 15, 1964.

Kathleen Ruddell, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for plaintiff.

Warren L. Mengis, Cole & Mengis, Baton Rouge, La., for defendant.

WEST, District Judge.

Petitioner, the United States of America, through one of its agencies, General Services Administration, advertised for bids for alterations to some warehouse fire doors on certain Government buildings located in Baton Rouge, Louisiana. In response to this invitation to bid, respondent, Corrie C. Pennington, submitted a bid in the amount of $4,342.03, which bid was ultimately accepted, as the low bid, and a contract awarded on May 9, 1960. When respondent submitted his bid, he agreed, among other things:

" * * * TO FURNISH a performance bond in an amount equal to 100% and a payment bond in an amount equal to 50% of the contract price with surety or sureties acceptable to the Government within 15 days after award of a contract. * * * "

Respondent failed to furnish the required bonds within the time prescribed, whereupon petitioner granted respondent an enlargement of time within which to file the bonds. It ultimately developed that respondent was unable to furnish bond as required, and he so notified petitioner. On July 21, 1960, petitioner notified respondent that inasmuch as he, respondent, was unable to furnish bond as required by the terms of the contract, the contract was thereby terminated. Petitioner at that time further notified respondent that he, respondent, would be held responsible for any excess cost to the Government occasioned by his failure to fulfill his contractural obligations.

Thereafter the Government sent out new invitations to bid on this job, and on September 2, 1960, the contract was awarded to I. G. Company, of Irving, Texas, the low bidder, for the sum of $5,160. Petitioner then made demand upon respondent for the sum of $817.97, representing the difference between the two contract prices, and upon respondent's failure to pay, this suit was instituted.

The sole question presented for determination is whether or not respondent defaulted in his contract with the Government by failing to furnish the performance bond and the payment bond required.

Respondent contends that pursuant to the provisions of Title 40 U.S.C.A. § 270a, no contract could come into being until the required bonds were posted, and hence, his failure to furnish the bonds could not have constituted a breach of contract. Furthermore, respondent contends that even if the contract was thus

breached, nevertheless, the Government was not actually damaged thereby. This Court cannot agree with these contentions.

Upon acceptance of respondent's bid, a valid contract came into existence between petitioner and respondent. Conti v. United States, 158 F.2d 581 (CAL 1946). When respondent failed to furnish the bonds which were required before work could commence, and within fifteen days after the award of the contract, he thereby breached a valid and existing contract.

As to the question of damages, the general provisions of the contract provided:

"(a) If the Contractor does not prosecute the work so as to insure completion, or fails to complete it, within the time specified, the Government may, by written notice to the Contractor, terminate his right to proceed. Thereafter, the Government may have the work completed and the Contractor shall be liable for any resulting excess cost to the Government."

Solely because of respondent's default in performing his obligations under this contract, petitioner was required to pay the sum of $5,160 to accomplish the same work which respondent had agreed to perform for the sum of $4,342.03. This amounted to $817.97 in excess of the amount the Government would have had to pay for the same work had respondent not defaulted under his contract. There is no showing that the amount paid by the Government for the completion of this work was in any way unreasonable. Thus, under the clear and unambiguous terms of the contract, respondent, Corrie C. Pennington, is liable to the Government for this amount, together with interest at the rate of 5 per cent per annum thereon from July 21, 1960 until paid, and for costs of Court. Conti v. United States, supra; United States v. Iovacchini Bros., Inc., 116 F.2d 345 (CA3 1940); North American Iron and Steel Co., Inc. v. United States, 130 F.Supp. 723 (ED N.Y.1955).

Judgment will be entered accordingly.